No. 24-1046

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

SHAILESH JAHAGIRDAR et. al., on behalf of themselves
and all others similarly situated,

*Plaintiffs-Appellees*,

v.

THE COMPUTER HAUS OF NC, INC. et. al.,

*Defendants-Appellants.*

---

### APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO TO RECONSIDER ORDER DENYING MOTION TO EXTEND TIME FOR FILING OPENING BRIEF AND JOINT APPENDIX

---

L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
6146 Rea Road STE B7, Box #77126
Charlotte, NC 28277
Tel: (704) 234-7442
Email: michelle@mgessnerlaw.com

*Class Counsel for Plaintiffs/Appellees*

## I.    INTRODUCTION

Appellant's motion is the latest act of gamesmanship in a long-running pattern of serial delay. After repeated extensions, the Court denied Appellants' latest request for more time to file their overdue Opening Brief and Joint Appendix. The Clerk then issued a Rule 45 notice warning of dismissal unless Appellants cured the default within fifteen days. Appellants did not cure the default. Instead, despite having additional weeks to do so, Appellants, again, made no effort to coordinate preparation of a joint appendix, and they waited until the final day when their Opening Brief and Joint Appendix is due, and filed a reconsideration motion with no new evidence and no sworn support. The Court should end the cycle: deny reconsideration and dismiss for failure to prosecute.

## II.    RELEVANT PROCEDURAL BACKGROUND

Appellees have previously provided this Court with a detailed timeline showing a pattern of delay by Appellants. See, Doc. 67, Ex. A. After many extensions, Appellants' brief was due April 2, 2026. Instead of filing their Opening Brief on the due date, Appellants emailed the clerk with their seventh last-minute motion to extend the time to file their Opening Brief and Joint Appendix. The motion was filed the next day. Appellees opposed the motion.

On April 3, 2026, the Court denied Appellants' motion to extend time to file the Opening Brief and Joint Appendix. (Doc. 69) This meant that the Opening Brief

1

and Joint Appendix were now overdue. As such, on April 3, 2026, the Clerk issued a Rule 45 notice stating that the Opening Brief and Joint Appendix were overdue and warning that the appeal may be dismissed for failure to prosecute unless the default was cured within fifteen days. (Doc. 70).

Appellants did not cure the default by filing the overdue documents by the required deadline of April 20, 2026. Instead of filing by April 20, 2026 as ordered, Defendants' filed the present motion to reconsider the denial of their earlier motion to extend time. (Doc. 71).

Between April 3, 2026 and April 20, 2026, Appellants' counsel did not contact Appellees' counsel about the Joint Appendix or their inability to cure the default.

## III.    ARGUMENT

### A.    Appellants have not shown grounds for reconsideration or good cause.

Appellants' motion does not identify any change in law, newly discovered evidence, or other extraordinary circumstance warranting reconsideration. Instead, Appellants offer a mix of: (i) disagreement with Appellees' opposition to their Motion to Extend which was filed on April 3, 2026; (ii) new factual assertions that could have been presented earlier; and (iii) conclusory statements about vendors, access issues, and counsel's schedule. None of these excuses are supported by sworn evidence, such as documentary proof of a new vendor or military orders.

Appellants' motion is also untimely in any meaningful sense. Appellants waited until the last day of the Rule 45 grace period to seek reconsideration after the Court denied their extension request. This last-day filing is consistent with Appellants' repeated pattern of waiting until deadlines (or the eve of deadlines) to seek relief, and it undercuts any claim of diligence or good faith efforts to comply. Moreover, if Appellants truly believed the record required "corrections," they could have raised those points promptly. The "facts" they now advance were known to them immediately and do not depend on newly discovered evidence.

**B.    Appellants were responsible for preparing and filing the Joint Appendix.**

Appellants' motion improperly attempts to shift responsibility for the Joint Appendix to Appellees. Under Fourth Circuit rules, the appellant is responsible for designating, preparing, and filing the Joint Appendix, and must include any additional portions designated by the appellee. FRAP 30(b). Record references in briefs must cite Joint Appendix pages. Appellants cannot use alleged lack of 'inputs' as a basis to avoid their own filing obligations for their appeal.

Appellants' own exhibits confirm that they only reached out to Appellees one time regarding the Joint Appendix. In response, Appellees requested an index identifying what documents Appellants intended to include (by district-court ECF numbers) so Appellees could evaluate and designate additional items as needed. That is a reasonable and standard approach for a joint appendix, particularly in a large

3

record. Appellants cite no rule requiring Appellees to guess at Appellants' intended designation without an index or designation from Appellants.

Notably, Appellants offer no proof that they provided Appellees with the index that was requested *six months ago*. Indeed, in order to work with a vendor to prepare the JA, which Appellants claim to have been doing for the past six months, they would have had to identify the documents for the vendor to use, i.e. an index. The only reasonable conclusion to be drawn from these facts is that Appellants have not even gotten that far yet. That is, they have not even identified the portions of the record that will make up the JA, despite knowing for *over three years* that they would be appealing the jury verdict and other issues.

**C.    Appellants' motion underscores lack of diligence and continuing delay.**

Appellants contend that various issues 'complicated' completion (vendors, access issues, and counsel's military orders). Yet Appellants do not provide a sworn declaration establishing dates, steps taken, what work is complete, what remains, why remaining work could not have been completed during the many prior extensions or proof of military orders. Appellants also concede that some asserted bases were not previously raised ("counsel has not specifically stated this basis until now"), which further undercuts any claim of diligence.

Given the Rule 45 notice and the Court's denial of the extension, the appropriate remedy was to file the overdue Opening Brief and Joint Appendix or

4

otherwise cure the default by the Court's deadline. Litigating the extension denial

through a last-minute reconsideration request should not be entertained by this Court.

## III.    CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court deny

Appellants' Motion to Reconsider and dismiss the appeal for failure to prosecute.

Respectfully submitted this 20th day of April 2026.


*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
6146 Rea Road, STE B7, Box 77126
Charlotte, North Carolina 28277
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com

*Class Counsel for Plaintiffs/Appellees*

## CERTIFICATE OF COMPLIANCE

This Response complies with the type-volume limitation of Local Rule of Appellate Procedure 27(d) because it contains 1301 total words, as determined by the word-count function of Microsoft Word, excluding the parts of the Response exempted by Local Rules of Appellate Procedure 27(d).

Date:  April 20, 2026

/s/ L. Michelle Gessner
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
6146 Rea Road STE B7, Box #77126
Charlotte, NC 28277
Tel: (704) 234-7442
Email: michelle@mgessnerlaw.com

*Class Counsel for Plaintiffs/Appellees*

## CERTIFICATE OF SERVICE

I certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Nathan A. White, NC State Bar No. 48684
LAW OFFICES OF NATHAN A. WHITE, PLLC
PO Box 669612
Charlotte, North Carolina 28266
Tel: (704) 492-6574
Email: lawofficesofnathanawhite@gmail.com

*Counsel for Defendants-Appellants*

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
6146 Rea Road STE B7, Box #77126
Charlotte, NC 28277
Tel: (704) 234-7442
Email: michelle@mgessnerlaw.com

*Class Counsel for Plaintiffs/Appellees*